In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00233-CR
______________________________


WALLACE DELAYNE SMITH, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 30550-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          On September 8, 2003, Wallace Delayne Smith waived a jury trial and pled guilty
to robbery as charged in the amended indictment.


 See Tex. Pen. Code Ann. 
§ 29.02(a)(1) (Vernon 2003). Robbery is a second degree felony. See Tex. Pen. Code
Ann. § 29.02(b) (Vernon 2003). There was no plea agreement in this case; Smith asked
to be placed on community supervision, while the State asked that Smith be sentenced to
a term of imprisonment of at least twelve years. Ultimately, the trial court imposed a
sentence of ten years. 
          On February 2, 2004, Smith's appellate counsel filed an Anders


 brief in which she
professionally discussed the record, described the issues reviewed, and concluded there
were no arguable grounds for appeal and, as required by Anders, also filed a motion to
withdraw. Counsel also sent Smith a copy of the appellate brief and informed him of his
right to file a response pro se and of his right to review the record. 
          This Court informed Smith his written responsive brief, should he wish to file one,
must be filed by March 5, 2004. As of this date, Smith has not filed a response pro se. 
Nor has the State favored us with a brief. See Tex. Code Crim. Proc. Ann. art. 2.01
(Vernon Supp. 2004) (district attorney shall represent state in all appeals from criminal
cases; district attorney's duty is to see justice done). We have independently reviewed the
record and the brief filed by counsel in this appeal, and we agree there are no arguable
issues that would support an appeal in this case. 
          Smith admitted snatching the victim's purse in both a written confession and during
his oral colloquy with the trial court. Smith's decisions to plead "guilty" to the amended
indictment, to waive his right to a jury trial, and to relinquish his constitutional protections
against self-incrimination appear to have been made voluntarily and willingly, without
pressure from Smith's trial counsel or other persons. 
          The trial court assessed Smith's punishment at ten years' imprisonment, within the
range provided under Texas law. See Tex. Pen. Code Ann. § 12.33(a) (Vernon 2003). 
Accordingly, the trial court did not abuse its discretion by assessing Smith's punishment
at ten years' confinement.
          For the reasons stated, we concur with counsel's assessment there are no
meritorious points of error in this case which would call for reversal of the proceedings
below. Accordingly, we affirm the trial court's judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      April 28, 2004
Date Decided:         April 29, 2004

Do Not Publish